Steven R. BISHOP, et al., on behalf of themselves and others similarly situated, Plaintiffs,

v.

HEARTLAND SERVICES, INC., Defendant.

No. 06–2323–CM.

United States District Court, D. Kansas.

May 10, 2007.

Barry R. Grissom, Overland Park, KS, for Plaintiffs.

Brian N. Woolley, Lathrop & Gage, LC, Kansas City, MO, for Defendant.

### *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Plaintiffs, current and former computer repair technicians for defendant, bring this lawsuit on behalf of themselves and other similarly situated employees and former employees under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid overtime compensation. This matter is before the court on Plaintiffs' 216(b) Motion to Certify Collective Action and Approve Notice to Potential Class Members (Doc. 12). For the following reasons, the court conditionally certifies the class.

### I. Legal Standards

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class. Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir.2001).

Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 678 (D.Colo.1997)). This initial determination

" 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.' " *Id.* (quoting *Vaszlavik,* 175 F.R.D. at 678 (quoting *Bayles v. Am. Med. Response of Colo., Inc.,* 950 F.Supp. 1053, 1066 (D.Colo.1996))). This standard is a lenient one, *Williams v. Sprint/United Mgmt. Co.,* 222 F.R.D. 483, 485 (D.Kan.2004), and the Tenth Circuit's language in *Thiessen* seems to indicate that only substantial allegations are required. In any event, plaintiffs have assumed that some presentation of evidence is appropriate here, and they have presented limited evidence in support of their claims.

■ "Because the court has minimal evidence, [the notice stage] determination ... typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 (5th Cir. 1995). The "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards. *Grayson v. K Mart,* 79 F.3d 1086, 1096 (11th Cir.1996). After the parties have completed discovery, the court then makes a second determination, applying a stricter "similarly situated" standard. *Thiessen,* 267 F.3d at 1102–03 (citation omitted).

**II. Discussion**

■ A plaintiff can demonstrate that she and putative class members are similarly situated by showing that they were subject to a common policy. *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 679 (D.Kan. 2004); *Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 262 (S.D.N.Y.1997) ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."). Plaintiffs ask the court to conditionally certify a class of current and former employees who have worked in the job title Bench Technician, Bench Tech, or similar description, and have been paid under defendant's Employee Compensation Agreement plan at any time from August 2, 2003 to the present date. Plaintiffs allege that all putative class members are employees who either currently are or were paid under defendant's Employee Compensation Agreement. Plaintiffs allege that all putative members of the action have the same or similar job titles and perform the same or similar job duties. And plaintiffs also allege that all putative class members work(ed) in the same facility in Leawood, Kansas during the proposed notice period. Plaintiffs' allegations are sufficient to survive the notice stage of the pleadings.

Defendant's only argument against granting conditional certification is that the potential class size is small (approximately twenty-one people, according to a defense counsel's statement in the response brief), and that there has been no indication of interest by other potential class members. Defendant did not offer evidence to support either of these assertions. The case law defendant cites is sparse and does not directly support defendant's argument. In another case, it is possible that the court could be persuaded that it should consider more information at the notice stage than whether the putative class members are similarly situated, but based on the arguments presented in this case, the court is not willing to make that determination now. The court finds defendant's argument unpersuasive at this stage of the proceedings, and will conditionally certify the class.

Defendant also objects to plaintiffs' definition of the class and proposed notice. Plaintiffs have not had the opportunity to respond to defendant's objections. The court directs the parties to consult regarding their differing positions on class definition and notice content. If they can reach an agreement, the parties should submit a joint proposed notice to the court for approval within thirty days. If the parties cannot agree, plaintiffs should submit their proposed notice with a brief in support within thirty days. Defendant shall respond within fourteen days, and plaintiffs shall reply within an additional fourteen days. The parties are encouraged, however, to reach an agreement without court intervention.

**IT IS THEREFORE ORDERED** that Plaintiffs' 216(b) Motion to Certify Collective

Action and Approve Notice to Potential Class Members (Doc. 12) is granted.